UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | |
|    MANHATTAN INVESTMENT FUND LTD., et al., | : | 00-10922 (BRL)<br>00-10921 (BRL) |
|          Debtors. | : | |
| | | Jointly Administered |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| HELEN GREDD, Chapter 11 Trustee for<br>   MANHATTAN INVESTMENT FUND, LTD., | : | |
| | : | |
|          Plaintiff, | : | Adv. Pro. No. 01-02606 |
| | : | |
|    -v.- | : | Civ. Action No. _____ |
| BEAR, STEARNS SECURITIES CORP., | : | |
|          Defendant. | | |

------------------------------------------------------------------ x

**NOTICE OF UNOPPOSED MOTION**

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, and upon all prior papers and proceedings herein, the undersigned counsel for Bear, Stearns Securities Corp. ("Bear Stearns") will move this Court at the United States Courthouse, 500 Pearl Street, New York, New York, at a date and time to be determined by this Court, for an Order pursuant to 28 U.S.C. § 157(d) withdrawing the reference of the above-captioned adversary proceeding from the Bankruptcy Court to the District Court for the sole purpose of conducting a jury trial with respect to whether Bear Stearns can establish an affirmative defense of good faith under section 548(c) of the Bankruptcy Code on Count I of the Complaint.

Dated: New York, New York
April 9, 2008

                        SCHULTE ROTH & ZABEL LLP


                        By: /s/ Harry S. Davis
                            Harry S. Davis
                            919 Third Avenue
                            New York, New York 10022
                            (212) 756-2000
                            (212) 593-5955 (fax)
                            harry.davis@srz.com

                            *Attorneys for Defendant Bear, Stearns*
                            *Securities Corp.*


TO:    Daniel Reynolds, Esq.
        Lankler Siffert & Wohl LLP
        500 Fifth Avenue
        New York, New York  10110

        *Attorneys for Plaintiff Helen Gredd as*
        *Chapter 11 Trustee for Manhattan Investment*
        *Fund, Ltd.*

        Brian Masumoto, Esq.
        33 Whitehall Street
        21st Floor
        New York, New York  10004

        *Attorney for Diana G. Adams, Esq.,*
        *United States Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | |
|    MANHATTAN INVESTMENT FUND LTD., et al., | : | 00-10922 (BRL) <br> 00-10921 (BRL) |
|          Debtors. | : | Jointly Administered |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| HELEN GREDD, Chapter 11 Trustee for <br>    MANHATTAN INVESTMENT FUND, LTD., | : | |
| | : | |
|        Plaintiff, | : | Adv. Pro. No. 01-02606 |
| | : | |
|    -v.- | : | Civ. Action No. _____ |
| BEAR, STEARNS SECURITIES CORP., | : | |
|        Defendant. | | |

------------------------------------------------------------------ x

**APPENDIX OF UNREPORTED DECISIONS CITED IN UNOPPOSED MOTION BY BEAR, STEARNS SECURITIES CORP. UNDER 28 U.S.C. § 157(d) TO WITHDRAW THE REFERENCE FROM BANKRUPTCY COURT TO THE DISTRICT COURT FOR THE SOLE PURPOSE OF CONDUCTING A JURY TRIAL WITH RESPECT TO WHETHER BEAR STEARNS CAN ESTABLISH AN AFFIRMATIVE DEFENSE OF GOOD FAITH UNDER SECTION 548(c) OF THE BANKRUPTCY CODE ON COUNT I OF THE COMPLAINT**

**Schulte Roth & Zabel, LLP**
919 Third Avenue
New York, NY  10022
(212) 756-2000

*Attorneys for Defendant Bear, Stearns Securities Corp.*

**Case**                                                                                               **Tab**

*Rickel & Assocs., Inc. v. Smith (In re Rickel & Assocs., Inc.)*,
      03 Civ. 7236, 2003 U.S. Dist. LEXIS 23136
      (S.D.N.Y. Dec. 24, 2003)……………………………………………………... 1

# TAB 1

LEXSEE 2003 U.S. DIST. LEXIS 23136

In re: RICKEL & ASSOCIATES, INC., Debtor. RICKEL & ASSOCIATES, INC., ROBERT RICKEL, and MARVIN NUMEROFF, Plaintiffs, -against- GREGG SMITH, ELLIOTT SMITH, and WIRELESS ACQUISITION PARTNERS, LLC, Defendants. GREGG SMITH, ELLIOTT SMITH, and WIRELESS ACQUISITION PARTNERS, LLC, Third-Party Plaintiffs, -against- KENNETH RICKEL, Third-Party Defendants.

03 Civ. 7236 (PKC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 23136

December 23, 2003, Decided
December 24, 2003, Filed

**SUBSEQUENT HISTORY:** Motion to strike denied by *Rickel & Assocs. v. Smith (In re Rickel & Assocs.)*, 2005 Bankr. LEXIS 237 (Bankr. S.D.N.Y., Feb. 22, 2005)

**PRIOR HISTORY:** [*1] Chapter 11, Case No. 98-B-47203 (SMB), Adv. Pro. No. 01-2441.
*Rickel & Associates Inc. v. Smith (In re Rickel & Assocs.)*, 272 B.R. 74, 2002 Bankr. LEXIS 46 (Bankr. S.D.N.Y., 2002)

**DISPOSITION:** Defendants' motion to withdraw reference denied without prejudice. Defendants' renewed motion for summary judgment denied without prejudice.

**COUNSEL:** For Gregg Smith, Wireless Acquisition Partners, LLC: Kenneth J Rubenstein, Olsham, Grundman, Frome, Rosenzweig & Wolosky, LLP, Thomas Fleming, Olsan Grundman Frome Rosenzweig & Wolosky, New York, NY USA.

**JUDGES:** P. Kevin Castel, United States District Judge.

**OPINION BY:** P. Kevin Castel

**OPINION**

MEMORANDUM AND ORDER

P. KEVIN CASTEL, U.S.D.J.

Defendants-third party plaintiffs Elliot Smith, Gregg Smith, and Wireless Acquisition Partners, LLC ("WAP") (collectively "defendants") move, pursuant to *Rule 5011* of the Federal Rules of Bankruptcy Procedure and *28 U.S.C. § 157 (d)*, to withdraw the automatic reference of this adversary proceeding. The proceeding as to which withdrawal is sought was commenced on or about February 26, 2001. Defendants also move for summary judgment.

Nature [*2] of the Adversary Proceeding

An understanding of the nature of this proceeding may be gleaned from the complaint. Prior to the October 7, 1998 filing of the Chapter 11 petition, Debtor, Rickel & Associates, Inc. ("Rickel"), was a licensed broker-dealer. (Compl. P 12). As compensation for underwriting services, Rickel often received warrants to purchase an issuer's common stock. (Compl. P 19). One such issuer was SmartServOnline, Inc. ("SSOL").

Defendant Gregg Smith, a former Managing Director of Rickel, was appointed as a member of the three-person Committee of Unsecured Creditors ("Creditors' Committee"). (Compl. PP 14, 16). The Creditors' Committee set out to liquidate the Debtor's securities portfolio, including the SSOL warrants (Compl. PP 34, 35). Gregg Smith had the primary responsibility, it is alleged, to provide the Creditors' Committee and its counsel with information relating to the SSOL warrants. (Compl. P 35).

Gregg Smith and Elliott Smith, who was president of Debtor's equity division (Compl. P 18), jointly offered to purchase the SSOL warrants from the Debtor. It is alleged that Gregg Smith was the primary negotiator for the Creditors' Committee on the sell side, [*3] while he was purchaser on the buy side. (Compl. PP 38-39). In

late January 2000, Gregg Smith, acting for himself and Elliott, was the successful bidder at a telephonic auction (Compl. PP 51-52). Thereafter, the two formed WAP as their acquisition vehicle for the SSOL warrants (Compl. P 53). By order of March 7, 2000, the liquidating plan of reorganization was confirmed by the Court and the sale of the SSOL warrants closed on April 3, 2000. (Compl. PP 63, 65).

It is alleged, among other things, that the two Smiths concealed or inadequately disclosed the anti-dilution features of the SSOL warrants and otherwise provided false information to the Creditors' Committee (Compl. PP 37, 41, 63). It is further alleged that the two Smiths and WAP acquired the warrants at a price of $ 3.525 million at a point in time when they were worth in excess of $ 20 million (Compl. PP 61-62).

The complaint alleges that by reason of the foregoing Gregg Smith breached his fiduciary duties as a member of the Creditors' Committee (Compl. PP 95-99). It also alleges claims for securities fraud, fraud and unjust enrichment against all defendants; the claim for negligent misrepresentation, like the fiduciary duty [*4] claim, is against Gregg Smith alone. (Compl. PP 69-86, 100-103).

In the bankruptcy court, the defendants moved to dismiss the complaint and for summary judgment. In a thorough 61-page opinion, Judge Stuart M. Bernstein denied defendants' motion in substantial part, but granted it some respects. (Memorandum Decision of January 28, 2002 ("Mem. Dec.")). He declined to grant summary judgment to defendants on the basis of release language in a stipulation that was entered as an order of the Court on June 8, 2000. He also ruled that all claims, other than the breach of fiduciary duty claim, were dismissed to the extent that they sought relief on behalf of the Subordinated Creditor Plaintiffs. He dismissed certain other claims which are not before me on this motion--the turn-over claim, the request for declaratory relief and the claim for equitable subordination. Judge Bernstein ruled that plaintiffs' motion to vacate the sale of the warrants (which is not the subject of defendants' motion to withdraw) would be tried with the adversary proceeding.

Timeliness of the Motion to Withdraw the Reference

Under the authority of *28 U.S.C. § 157(a)*, all Chapter 11 cases [*5] in this District are automatically referred to the District's bankruptcy judges. An application to withdraw the reference *may* be granted "for cause shown". *28 U.S.C. § 157(d)*. The reference *shall* be withdrawn "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Id.

The statute expressly requires that for the court to withdraw the reference at the behest of a party (as distinguished from doing so on its own motion), the motion to withdraw must be "timely" made. Id. [1] While there is no bright line test for timeliness, the motion should be made at the earliest opportunity after it is apparent that there is a basis for such a motion. See 9 *Collier on Bankruptcy at P5011.01[2]*. See also *Davis v. Mahlmann, 149 B.R. 866 (N.D. Ill 1993)* (one month after the complaint held untimely); *United States Brizendine v. Montgomery Ward & Co., Inc., 143 B.R. 877 (N.D. Ill. 1992)* (seven month delay held untimely).

[1] "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce" *28 U.S.C. § 157* (emphasis added).

[*6] While one district court held that an application filed ten months after the filing of a claim was within, but "at the outer limit" of, timeliness, *Burger King Corp. v. B-K of Kansas, Inc., 64 B.R. 728 (D. Kan. 1986)*, I note that it does not appear to have been a case in which the bankruptcy court had devoted substantial resources to the claim. In *Interconnect Telephone Services, Inc. v. Farren, 59 B.R. 397 (S.D.N.Y. 1986)*, withdrawal was granted after a year had elapsed and there was an intervening ruling on a motion to dismiss by the bankruptcy judge. However, the district court noted that "defendants have represented at a conference before the Court that they will not renew their motion to dismiss in the district court if this action is with-drawn." *Id. at 402*. Here, the motion to withdraw the reference is joined with a renewed summary judgment motion.

This adversary proceeding was pending in the bankruptcy court for 31 months prior to the making of the motion to withdraw. [2] The bankruptcy judge expended substantial resources in producing his 61-page opinion. Despite some protestations to the contrary, defendants do seek to retrace [*7] in the district court substantially the same journey previously taken in the bankruptcy court. [3] In the summary judgment motion made along with their motion to withdraw the reference, defendants seek to have this Court dismiss the proceedings based upon the very stipulation, dated April 24, 2000, that was approved and entered as an order of the bankruptcy court on June 8, 2000. This same stipulation formed an integral part of defendants' earlier motion for summary judgment made

to the bankruptcy court, which motion was denied and never appealed. See Mem. Dec. at 10-17.

> 2  As noted, the complaint is dated February 26, 2001. According to plaintiffs, defendants' motion to withdraw was served on October 1, 2003 (Plaintiffs' Memorandum at 2).
>
> 3  Defendants note that the initial summary judgment opposition was based upon the Rickel affidavit and that the new summary judgment motion relies upon Rickel's deposition testimony. While that may be true, the motion does in substantial part endeavor to revisit the heart of the prior rulings: "... it is respectfully submitted that Judge Bernstein erred by failing to enforce the unequivocal scope of the 'mutual general release' embodied in the Stipulation." (Defendants' Reply Memorandum at 15)

[*8] While the presence or absence of prejudice is a factor in assessing timeliness, 4 no support is cited for the proposition that it is a sine qua non. I reject defendants' argument that actual prejudice must always be shown and that there can be no prejudice because withdrawal of the reference simply substitutes one court for another. This reasoning would read the timeliness requirement out of the statute. Further, it overlooks the potential prejudice to a plaintiff of having a case dislodged from its steady progression on the bankruptcy court's calendar to be placed on that of the district court. 5 To allow defendants in this case to first have the bankruptcy judge rule on the effect of the stipulation, neither appeal nor reargue that ruling and then, nearly a year later, ask the district judge to revisit the bankruptcy judge's original rulings, would prejudice the plaintiffs and result in unacceptable judicial inefficiency.

> 4  Cf. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 181-83 (2d Cir. 2001) (prejudice is a factor in assessing the timeliness of a motion to intervene).
>
> [*9]
>
> 5  According to plaintiffs, Judge Bernstein set the final pretrial conference for November 18, 2003 (Plaintiffs' Memorandum at 9).

I conclude that the motion to withdraw the reference is untimely. That, however, does not end all issues relating to withdrawal of the reference. This is a case in which a jury trial has been demanded. Defendants also seek withdrawal of the reference on the ground that the bankruptcy court may not conduct a jury trial absent the consent of the parties which they have elected to withhold.

Prior to the 1994 bankruptcy amendments, there was authority for the proposition that a bankruptcy court could conduct a jury trial in a core proceeding. *Ben Cooper, Inc. v. Ins. Co. (In re Ben Cooper, Inc.), 896 F.2d 1394 (2d Cir. 1990)*, cert. granted, *497 U.S. 1023, 111 L. Ed. 2d 779, 110 S. Ct. 3269*, vacated and remanded, *498 U.S. 964, 112 L. Ed. 2d 408, 111 S. Ct. 425*, opinion reinstated on remand, *924 F.2d 36, (2d Cir.)* cert. denied. *500 U.S. 928, 114 L. Ed. 2d 126, 111 S. Ct. 2041*. In part to resolve an inter-circuit conflict on the issue, *section 157(e)* of title 28 was adopted, which [*10] provides as follows:

> "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." (emphasis added). 6

> 6  The core/non-core distinction is of critical importance to the standard of review (compare *28 U.S.C. § 157(b)(1)* with *§ 157(c)(1)* but the absence of consent dooms a jury trial in this case even if the case were viewed as a core proceeding. Thus, I need not decide the question at this juncture. See *In re Enron Power Marketing, 2003 U.S. Dist. LEXIS 189, 2003 WL 680 36 (S.D.N.Y. Jan. 8, 2003)*; *Good v. Kvaerner US, Inc., 2003 U.S. Dist. LEXIS 13066, 2003 WL 21755782 at n.6 (S.D. Ind., July 25, 2003)*. Prior to the adoption of *section 157(e)*, the core/non-core distinction was necessarily a threshold issue. See *In re Orion Pictures, 4 F.3d 1095, 1101 (2d Cir. 1993)*, cert. denied, *511 U.S. 1026, 128 L. Ed. 2d 88, 114 S. Ct. 1418 (1994)*.

[*11] Because there is no express consent, this proceeding may not be tried with a jury in bankruptcy court. I will conduct a jury trial of this adversary proceeding if a jury trial is required after all pretrial proceedings before the bankruptcy court are concluded. Defendants claim that it is inefficient for anyone other than the trial judge to hear their summary judgment motion (and also complain that their motion is simultaneously accused of being both untimely and premature). I do not have much sympathy for these arguments. Defendants' plea for judicial economy should be evaluated in the context that defendants alone have created. If a judge other than the one deciding the first summary judgment motion were to hear their new motion, it would cause even greater judicial inefficiency than the circumstance defendants posit.

Defendants' motion to withdraw the reference is DENIED without prejudice to its renewal when the bankruptcy court certifies that the adversary proceeding is ready for trial. Defendants' renewed motion for summary judgment is DENIED without prejudice to its being made before the bankruptcy court.

SO ORDERED.

Dated: December 23, 2003

P. Kevin Castel

United [*12] States District Judge