UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | |
|    MANHATTAN INVESTMENT FUND LTD., et al., | : | 00-10922 (BRL)<br>00-10921 (BRL) |
|           Debtors. | : | Jointly Administered |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| HELEN GREDD, Chapter 11 Trustee for<br>   MANHATTAN INVESTMENT FUND LTD., | : | |
| | : | |
|           Plaintiff, | : | Adv. Pro. No. 01-02606 |
| | : | |
|     -v.- | : | Civil Action No. _____ |
| BEAR, STEARNS SECURITIES CORP., | : | |
|           Defendant. | | |

------------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION BY BEAR, STEARNS SECURITIES CORP. UNDER 28 U.S.C. § 157(d) TO WITHDRAW THE REFERENCE FROM BANKRUPTCY COURT TO THE DISTRICT COURT FOR THE SOLE PURPOSE OF CONDUCTING A JURY TRIAL WITH RESPECT TO WHETHER BEAR STEARNS CAN ESTABLISH AN AFFIRMATIVE DEFENSE OF GOOD FAITH UNDER SECTION 548(c) OF THE BANKRUPTCY CODE ON COUNT I OF THE COMPLAINT**

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY  10022
(212) 756-2000

*Attorneys for Defendant Bear, Stearns Securities Corp.*

Bear, Stearns Securities Corp. ("Bear Stearns") submits this memorandum in support of its unopposed motion to withdraw the reference of the above-captioned adversary proceeding (the "Adversary Proceeding") from the Bankruptcy Court to the District Court for the sole purpose of conducting a jury trial with respect to a single issue on Count I of the Complaint, namely, whether Bear Stearns can establish an affirmative defense of good faith under Section 548(c) of the Bankruptcy Code.[1]  The reason for this motion is that Bear Stearns timely invoked its right to a jury trial with regard to Count I, has not consented and will not consent to a jury trial in the Bankruptcy Court, thereby requiring any jury trial of Count I to be conducted in the District Court.  Helen Gredd, Chapter 11 Trustee for Manhattan Investment Fund, Ltd. (the "Trustee") has informed Bear Stearns that because Bear Stearns will not consent to a jury trial in the Bankruptcy Court, she will not oppose this motion.

## ARGUMENT

**I.    THE COURT MUST WITHDRAW THE REFERENCE FOR THE SOLE PURPOSE OF CONDUCTING THE JURY TRIAL ON COUNT I BECAUSE BEAR STEARNS HAS A CONSTITUTIONAL RIGHT TO A JURY TRIAL AND THAT TRIAL MUST BE HELD IN THE DISTRICT COURT**

**A.    Bear Stearns Has a Seventh Amendment Right to a Jury Trial**

The United States Supreme Court, in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43-47, 58 (1989), held that a defendant in a fraudulent transfer action who has not filed a proof of claim in the bankruptcy case has a right to a jury trial.  *Granfinanciera* applies here.  Count I is a fraudulent transfer claim against Bear Stearns brought under Section 548 of the Bankruptcy Code, seeking avoidance of $141.4 million plus interest.  Bear Stearns has not filed a proof of claim in the Fund's bankruptcy case, and Bear Stearns has asserted its right to a jury trial in its October 17, 2002 Answer and Jury Trial Demand.  Thus, Bear Stearns has a Seventh

---

[1] The parties agree that this motion to withdraw the reference does not encompass the other remaining Count (Count IV) in this adversary proceeding.  All matters concerning Count IV remain with the Bankruptcy Court.

Amendment right to a jury trial on sole issue requiring trial on Count I, namely, whether Bear Stearns can establish an affirmative defense of good faith under Section 548(c) of the Bankruptcy Code.

      **B.**      **The Trial Must Be Held in the District Court Because Bear Stearns Does Not Consent to a Jury Trial in the Bankruptcy Court**

11 U.S.C. § 157(e) provides: "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court <u>and with the express consent of all the parties</u>" (emphasis added). Bear Stearns does not consent to a jury trial before the Bankruptcy Court. This Court must, therefore, withdraw the reference pursuant to 28 U.S.C. § 157(d) for the sole purpose of conducting a jury trial with respect to the single issue requiring trial on Count I, namely, whether Bear Stearns can establish an affirmative defense of good faith under Section 548(c) of the Bankruptcy Code. *See Rickel & Assocs., Inc. v. Smith (In re Rickel & Assocs., Inc.)*, 03 Civ. 7236, 2003 U.S. Dist. LEXIS 23136, at *11 (S.D.N.Y. Dec. 24, 2003) ("Because there is no express consent, this proceeding may not be tried with a jury in bankruptcy court."); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference"); *see also In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) ("Defendant is correct that most courts have held that the right to a jury trial constitutes sufficient 'cause' for withdrawal within the meaning of § 157(d).").

**CONCLUSION**

For the foregoing reasons, the reference of the Adversary Proceeding to the Bankruptcy Court should be withdrawn to the District Court for the sole purpose of conducting a jury trial on whether Bear Stearns can establish an affirmative defense of good faith under Section 548(c) of the Bankruptcy Code on Count I of the Complaint.

Dated: New York, New York
April 9, 2008

                                    Respectfully submitted,

                                    SCHULTE ROTH & ZABEL LLP

                                    By: _/s/ Harry S. Davis_____
                                          Harry S. Davis

                                    919 Third Avenue
                                    New York, New York 10022
                                    (212) 756-2000
                                    (212) 593-5955 (fax)
                                    harry.davis@srz.com

                                    *Attorneys for Bear, Stearns Securities Corp.*